IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UZEZI AJOMALE, | ) |
| | ) |
|    Plaintiff, | ) |
| | )    Case No.  17-539 |
| v. | ) |
| | ) |
| QUICKEN LOANS, INC., and | ) |
| CORELOGIC CREDCO, LLC | ) |
| | ) |
| | )    JURY TRIAL DEMANDED |
|    Defendant. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331. This action also includes state law claims as to which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

2. In addition to the state law claims, Plaintiff also claims damages pursuant to the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., (ECOA) and the Fair Credit Reporting Act", 15 U.S.C. 1681, et seq., (FCRA), as well as other applicable federal laws.

### THE PARTIES

3. Plaintiff, Uzezi Ajomale, is a resident of Mobile County, Alabama and is over the age of nineteen (19) years. Plaintiff is a "consumer," as defined by the FCRA at 15 U.S.C. § 1681a(c).

1

4. Defendant Quicken Loans, Inc., ("Quicken") is a foreign corporation doing business in Alabama. Quicken is a home mortgage lender.

5. Defendant CoreLogic Credco, LLC, ("Credco") is on information and belief a limited liability company with its principle place of business in San Diego, California. On information and belief Credco is a credit information reseller. Credco is also a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

6. Plaintiff and her husband jointly own a home in Mobile County, Alabama.

7. They lived in this home and it was their principal residence.

8. On February 28, 2017, Plaintiff's husband, Mr. Ajibola Ajomale, informed her that he was considering refinancing their home located in Semmes, Alabama and that he had been in contact with one Jon Betcher from Quicken.

9. Mr. Ajomale showed her documents generated by Quicken dated February 25, 2017, which indicated that the loan process was well underway without Plaintiff's prior knowledge or consent.

10. The documents indicated that the loan was to be closed on March 18, 2017.

11. Under the terms of the loan Mr. Ajomale was to be the sole borrower with Plaintiff signing the mortgage only.

12. Unbeknownst to Plaintiff, during her husband's application process, Quicken had Credco obtain the credit reports of both Plaintiff and her husband.

13. At no time applicable to this complaint did Plaintiff have with either defendant one of the relationships enumerated under FCRA at 15 U.S.C. § 1681b(a)(3), because Plaintiff had not applied for any loan from Quicken.

14. At no time applicable to this complaint did any defendant receive the written instructions from the plaintiff to request her consumer reports under 15 U.S.C. § 1681b(a)(2).

15. Plaintiff was not interested refinancing the home, had no knowledge of and had not participated in the loan application.

16. Because she was concerned about the unilateral loan application by her husband for a home mortgage, on March 13, 2017 Plaintiff sent Betcher an email inquiring about what he and her husband had been discussing.

17. On March 14, 2017, Betcher replied with an email outlining the terms of the loan. When he learned that Plaintiff was not interested in a loan Betcher replied "No problem, I will speak to your husband and cancel this closing. We assumed, you would have been in contact with each other. Thank you!".

18. Mr. Betcher assumed wrong, because the loan application was made without Plaintiff's knowledge or consent.

19. Betcher further stated, "Just wanted to let you know, you can be on the mortgage as well, as long as credit is over 620, we should be able to make it work. I will say, most people prefer it the way we have it, that was if anything ever happened to mortgage in default, your credit would still be fine."

20. At the time of this statement Betcher knew Plaintiff's credit scores because he had her credit reports and scores from TransUnion, Equifax and Experian.

21. Based in these scores, Quicken had already made the decision to offer the loan to Plaintiff's husband only. This was an adverse action as defined by 12 CFR 202.2(c).

22. On March 18, Plaintiff obtained a copy of her TransUnion credit report on and learned that on February 20, 2017, Quicken had caused Credco to access her credit report without her knowledge or consent and without a permissible purpose.

23. On July 11, 2017, Plaintiff obtained a copy of her "Equifax 3 Bureau Credit Report." The Equifax report indicated that Credco, acting on behalf of Quicken, had also accessed her Equifax and Experian consumer reports on February 20, 2017.

24. Uzezi Ajomale's credit score has been damaged and lowered due to the unauthorized inquiries from Credco acting on behalf of Quicken Loans.

25. On information and belief, Credco profited by obtaining Plaintiff's credit reports because it was paid to do so by Quicken.

26. Quicken intended to profit from the use of Plaintiff's credit reports by making the loan at issue. In fact, according the loan documents reviewed by Plaintiff, Quicken was charging a loan origination fee of $1,784.

27. This constitutes a flagrant invasion of Plaintiff's rights, privacy and constitutes identity theft.

## COUNT ONE
### (Invasion of Privacy)

28. Plaintiff adopts and reasserts the relevant allegations in each of the preceding paragraphs.

29. The actions taken by Defendants by the unauthorized access of Uzesi Ajomale's credit files constitute a wrongful invasion of Plaintiff's privacy.

30. Defendants' actions caused unlawful exploitation of the Plaintiff's personal financial information and wrongful intrusion upon Uzezi Ajomale's credit reports which

has disrupted and harmed her in such a manner as to cause, mental anguish, emotional distress, and damage to reputation and financial damage by lowering het credit score and making it harder for her to be extended credit in the future.

31.     Plaintiff claims punitive damages of the Defendants because of the gross and oppressive and willful nature of the Defendants' conduct.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment against Defendants for invasion of privacy and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT TWO
### (Negligence)

32.     Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

33.     Defendants at all relevant times owed a duty to take reasonable actions and due care in managing access to Uzezi Ajomale's personal information.  This included the duty to take reasonable measures to protect Uzezi Ajomale's personal information against unauthorized access.

34.     Moreover, Quicken should have used procedures and protocols to make sure that the all the co-owners of a home are in agreement and wish to mortgage it, when such a loan application is taken.

35.     Instead of treating Plaintiff in a competent manner, Defendants committed the acts and omissions complained of herein.

36. Defendants breached their duties owed to Plaintiff. The actions taken against Plaintiff and the management of Plaintiff's personal information constitutes negligence and Plaintiff has been damaged by the negligent actions.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendants for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT THREE
### (Wantonness)

37. Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

38. The acts and omissions made by Defendants in connection the transaction at issue all constitute wantonness and were made with a wanton, reckless or conscious disregard for Uzezi Ajomale's rights and welfare.

39. Plaintiff has suffered damage as a proximate result of the Defendants' wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendants for wantonness and award Uzezi Ajomale compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT FOUR
### (Identity Theft)

40. Plaintiff adopts and reasserts each and every allegation in the preceding paragraphs.

41. This count is brought pursuant to Sections 6-5-370 and 13A-8-199 Code of Alabama.

42. The Defendants, by and through their agents and employees, for their own benefit and profit, obtained records and accessed identifying information, of the Plaintiff, that would assist in accessing financial resources of the Plaintiff.

43. This was done without her knowledge or consent.

44. Plaintiff has suffered a loss as a result of the Defendants' unauthorized use of her identifying information.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendants pursuant to Alabama Code Section 13A-8-199 including three times her compensatory damages or $5,000.00 for each incident plus attorney's fees.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT FIVE
### (Unauthorized Access)

45. In order to obtain Plaintiff's credit reports Defendants had to certify to each credit bureau from which reports were obtained (Equifax, Experian and TransUnion) the purposes for which the information is being sought and that the information would be used for no other purpose.

46. According to Plaintiff's Equifax 3 Bureau the Credco inquiries were, "inquiries are made by companies with whom you have applied for a loan or credit."

47. Plaintiff, however, had not applied for any loan and defendants, and their employees, are prohibited from obtaining a consumer report under false pretenses, pursuant to 15 U.S.C. § 1681q.

48. The defendants are required to establish reasonable procedures that would prevent their facilities from being used to obtain a consumer report under false pretenses pursuant to 15 U.S.C. § 1681b(f).

49. Each defendant failed to establish procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses and as specifically authorized, pursuant to 15 U.S.C. § 1681b(f).

Wherefore Plaintiff demands actual damages, punitive damages, statutory damages, attorney's fees and costs of this action.

## EQUAL CREDIT OPPORTUNITY ACT

50. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

51. This count is against Quicken only.

52. Regulation B, at 12 C.F.R. § 202.9(a) states in pertinent part the following:

(a)Notification of action taken, ECOA notice, and statement of specific reasons -
(1)When notification is required. A creditor shall notify an applicant of action taken within:
(i) 30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application

53. Quicken never gave Plaintiff a notice of action taken.

54. Had Quicken given the notice of adverse action in in a timely manner Plaintiff would have learned sooner about the unilateral loan application made by her husband.

55. Regulation B, at 12 C.F.R. § 202.9(b) requires the following information in the notification:

> (b)Form of ECOA notice and statement of specific reasons -
> (1) ECOA notice. To satisfy the disclosure requirements of paragraph (a)(2) of this section regarding section 701(a) of the Act, the creditor shall provide a notice that is substantially similar to the following: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is [name and address as specified by the appropriate agency listed in appendix A of this regulation].
> (2) Statement of specific reasons. The statement of reasons for adverse action required by paragraph (a)(2)(i) of this section must be specific and indicate the principal reason(s) for the adverse action. Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant, joint applicant, or similar party failed to achieve a qualifying score on the creditor's credit scoring system are insufficient.

56. Quicken did not comply with the notification requirements of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., set forth in Regulation B, 12 C.F.R. §202.9(a)(1)(i) and had otherwise violated the ECOA.

WHEREFORE, plaintiff demands judgment for willful and/or negligent violation of the Equal Credit Opportunity Act and seeks actual damages, statutory damages, punitive damages, attorney fees and costs of this cause.

                                      /s/ Earl P. Underwood, Jr.
                                      EARL P. UNDERWOOD, JR.
                                      UNDERWOOD & RIEMER, PC
                                      Attorney for Plaintiffs
                                      21 S. Section Street
                                      Fairhope, AL 36532
                                      251.990.5558 Office
                                      251.990.0626 Fax
                                      Epunderwood@alalaw.com

**PLAINTIFF REQUESTS TRIAL BY JURY AS TO EACH OF THE CLAIMS ASSERTED HEREIN.**

                                      /s/ Earl P. Underwood, Jr.
                                      EARL P. UNDERWOOD, JR.

**PLAINTIFF WILL SERVE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING:**

Quicken Loans, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Corelogic Credco, LLC
c/o CSC - Lawyers Incorporating Service
40 Pacifica Avenue, Suite 900
Irvine CA 92618


/s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR.