**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UZEZI AJOMALE, | : | |
| Plaintiffs, | : | |
| vs. | : | CA 17-0539-JB-MU |
| QUICKEN LOANS INC.,[1] | : | |
| Defendant. | | |

### SUPPLEMENTAL RULE 16(b) SCHEDULING ORDER

By Order dated October 12, 2018, the undersigned determined that good cause existed to set aside the Scheduling Order entered on April 5, 2018 (*see* Doc. 53; *compare id. with* Doc. 27), and ordered the parties to submit a proposed scheduling order by October 24, 2018 (Doc. 53). On October 24, 2018, the parties filed a joint motion for entry of revised scheduling order (Doc. 54). Following a review of the parties' joint motion, the undersigned concurs with the assessment that this putative class action should proceed in two phases. The first phase will focus on class certification issues, as well as fact and expert discovery regarding Plaintiff's individual claims, and the second phase will simply consist of setting any remaining relevant deadlines once the Court determines whether to certify this matter as a class action or, otherwise, grant summary judgment in favor of the Defendant. Accordingly, the focus of this supplemental scheduling order will be directed to the class certification (and individual claim) issues and, in the event the Court orders class certification, a final scheduling

---

[1] Corelogic Credco, LLC is no longer a defendant to this action. (*Compare* Docs. 45-46 *with* Docket Sheet Entries for October 12, 2018.)

order will be entered after the parties supply the undersigned with a proposed order regarding subsequent deadlines.[2]

## PHASE ONE

1. <u>CLASS CERTIFICATION SCHEDULE</u>. The following schedule governs the class certification process:

| EVENT | DEADLINE |
|---|---|
| **a.** Plaintiff's class certification expert witness disclosures/ reports | 3/1/19 |
| **b.** Defendant's class certification expert witness disclosures/ reports | 4/1/19 |
| **c.** Plaintiff's rebuttal class certification reports | 4/15/19 |
| **d.** All fact & expert discovery on Plaintiff's individual claims and Rule 23 requirements | 5/15/19 |
| **e.** Deadline for Plaintiff to file class certification motion | 6/14/19 |
| **f.** Defendant's Response to class certification motion | 7/15/19 |
| **g.** Plaintiff's Reply to Defendant's Opposition | 7/30/19 |

2. <u>DISCOVERY LIMITS</u>. Discovery is limited as follows:

   a. Not more than **one set** of interrogatories, not to exceed a total of **25**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

   b. Not more than **5** depositions may be taken by each party, each deposition limited in duration to a maximum of **seven (7) hours**, unless extended by agreement of the parties;

   c. Not more than **one set** of requests for admissions, not to exceed a

---

[2] This second supplemental report, if necessary, is to be filed within fourteen (14) of the Court's resolution of the class certification issue.

total of **20**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

        d.    Not more than **one set** of requests for production of documents, not to exceed a total of **25**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

    3.    <u>DISCOVERY MOTIONS</u>.  The following requirements pertain to discovery motions, and similar non-dispositive motions, filed in this Court:

        a.    <u>Conferencing by Counsel</u>.  The conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, and any motion for extension of time on discovery related issues. This requirement applies to all such discovery-related motions, including but not limited to, those referred to in Rules 26(c) (motion for a protective order); 34(b) (motion to compel production or inspection); 35(a) (motion for physical and mental examination); 36(a) (motion to determine sufficiency of admissions); 37(a) (motion to compel disclosure or discovery); 37(d) (failure to attend own deposition, respond to interrogatories or requests for production); 45(d) (protection of persons subject to subpoena); and any similar non-dispositive motion filed in this action. In order to comply with the conferencing requirement, a moving party must

include more than a cursory statement that counsel have been unable to resolve the matter. Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties. Any such motion not containing the required certification will be stricken or denied.[3]

    b. <u>Court's Pre-Motion Mediation</u>. If any issues remain unresolved

---

[3] Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes. *See generally Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959 (D.S.D. June 4, 2009) (denying the government's motion to compel discovery "without prejudice to the government's ability to renew such motion after satisfying the condition precedent of conferring with Mr. Robinson in a **good faith** effort to resolve the outstanding discovery disputes between the parties") (emphasis in original); *see also id.* at *3-4 (collecting cases that "put 'flesh on the bone' of the meet-and-confer requirement"—"'conferment' [per Rule 37] requires the parties 'to have had an actual meeting or conference'" (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170-171 (D. Nev. 1996)); "counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement" (citing *Alexander v. FBI*, 186 F.R.D. 197, 198-199 (D.D.C. 1999)); "the meet-and-confer requirement [is not] satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests" (citing *Bolger v. District of Columbia*, 248 F.R.D. 339, 343-344 (D.D.C. 2008)); "sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the pre-requisite of a certification of having conferred in good faith" (citing *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 239-40 (S.D. Miss. 2001)); "the meet-and-confer requirement is intended to require counsel to '**converse, confer, compare views, consult and deliberate**'" (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (emphasis added))).

 Further, as the court in *Shuffle Master* observed, and this Court adopts, any good faith certification filed "**<u>must</u>** accurately and specifically convey to the court **who, where, how, and when** the respective parties attempted to personally resolve the discovery dispute." 170 F.R.D. at 170 (emphasis added); *cf.* S.D. Ala. CivLR 37. **Motions with certifications lacking this level of detail will be stricken.**

after counsel for the parties have engaged in the required in-person (or telephone) good-faith conferencing outlined above, the moving party shall contact the undersigned's law clerk to schedule an informal conference with the Magistrate Judge to discuss all outstanding issues prior to the filing of a formal motion. At the Magistrate Judge's discretion, the conference may be held by telephone or in person. The Magistrate Judge's duty at this conference will be initially to act as a mediator and assist the parties in resolving any outstanding issues and, if agreement cannot be reached, the undersigned will likely enter an order ruling on all outstanding issues without the need for the filing of a formal written motion.

        c.      <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Rule 26(c), a motion for physical and mental examination pursuant to Rule 35(a), a motion to determine sufficiency pursuant to Rule 36(a), and a motion to compel pursuant to Rule 37, and any similar non-dispositive motion, shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court, and, again, shall only be filed after all of the foregoing conferencing has occurred, unless exceptional or exigent circumstances exist. Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

   d. <u>Time for Responses</u>.  Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

   e. <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Rule 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

  4. <u>DISPOSITIVE MOTIONS</u>.  Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed as soon as possible but in no event later than **June 14, 2019**. In submitting exhibits, the parties are reminded of Civil Local Rule 5(a), which provides that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

  5. <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.  Unless prior permission of the Court is given:

   a. Principal briefs filed in support of, or in opposition to, any motion

shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length. Attachments to a brief do not count toward the page limitation. *See* S.D. ALA. CivLR 7(e).

      b.    An application to the Court for an order shall be by motion, not by letter. *See* FED. R. CIV. P. 7(b). Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter.

      c.    Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers. A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently-filed pleading, motion or other paper; it may be adopted by reference. If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

      d.    Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

      6.    <u>MODIFICATION OF RULE 16 ORDERS</u>. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. *Compare* Fed.R.Civ.P. 16(b)(4) *with* S.D. Ala. CivLR 26(c). Establishing good cause generally requires a showing that the applicable deadline could not be met despite the diligence of the party seeking modification of the schedule, that is, a finding that the moving party lacked due diligence usually ends the inquiry into good cause. An order entered after the final pretrial conference shall be modified only

to prevent manifest injustice.  FED. R. CIV. P. 16(b) & (e).

      7.    <u>LOCAL RULES</u>.  All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters.  They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), but are amended from time to time.  A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov.

      As a general matter, FED. R. CIV. P. 5(d) proscribes the filing of most discovery materials. Instead, whenever any discovery material is served, counsel shall contemporaneously file a notice with the Court identifying the date of service and the nature of the material. S.D. Ala. CivLR 5(b). In the event discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response.  S.D. Ala. CivLR 5(a).  Further, the custodian of any discovery material shall provide all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party.  S.D. Ala. CivLR 5(c). No other person may obtain a copy of any discovery material from its custodian except on motion and with leave of Court, upon payment of the expense of the copy.  *Id.*

      8.    <u>SANCTIONS</u>.  The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or

more of the sanctions authorized by Rule 16(f).

    **DONE** and **ORDERED** this the 16th day of November, 2018.

        <u>  s/P. BRADLEY MURRAY                </u>
        **UNITED STATES MAGISTRATE JUDGE**