IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UZEZI AJOMALE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 1:17-CV-539-JB-MU |
| QUICKEN LOANS, INC., | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider (PageID.831-847), Defendant's Response in Opposition (PageID.956-975), and Plaintiff's Reply. (PageID.1067-1076). The Motion is ripe for review. After careful consideration, the Court **denies** Plaintiff's Motion for the reasons stated herein.

**I.     BACKGROUND**

On March 19, 2020, this Court entered an order granting Defendant Quicken Loans, Inc.'s Motion for Summary Judgment (PageID.305-308), finding: (1) Quicken Loans offered an objectively reasonable interpretation of the 15 U.S.C. §1681g(1)(g), thereby precluding review of Quicken Loans' subjective intent on the issue of willfulness as defined under the Fair Credit Reporting Act, 15 U.S.C. § 1681g, *et seq.* ("FCRA"); and (2) Plaintiff failed to comply with five discovery obligations, resulting in the exclusion of emails from Quicken Loans' compliance team. On April 16, 2020, twenty-eight (28) days later, Plaintiff filed a Motion to Reconsider, arguing the Court reached three (3) incorrect legal conclusions in the March order. Those alleged incorrect conclusions include the following:

1

> (1) The Court should not have excluded Plaintiff's email evidence without permitting Plaintiff to file a response to Defendant's request for exclusion;
>
> (2) Quicken Loans' interpretation of the FCRA was objectively unreasonable; and
>
> (3) The Court improperly treated Plaintiff's deposition responses as judicial admissions

(*See* PageID.831-847). Quicken filed a response, contending the Court should deny Plaintiff's Motion because Plaintiff failed to articulate, cite, and satisfy her burden under Federal Rules of Procedure 59(e) and 60(b), (PageID.956-962), the Court properly excluded Plaintiff's evidence pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, (*Id.* at PageID.963-969), its interpretation of the FCRA was objectively reasonable, (*Id.* at PageID.969-971), Plaintiff abandoned her negligence claim, and the Court did not treat her deposition testimony as a judicial admission. (*Id.* at PageID.971-974).

In her Reply, Plaintiff asserts Defendant had no valid basis for requesting exclusion under Fed. R. Civ. P. 37(c)(1), she provided Quicken the excluded emails as required by the Federal Rules of Civil Procedure, Quicken suffered no harm from any formal failure to comply with Fed. R. Civ. P. 26, she lacked an opportunity to respond to Quicken's Rule 37 argument, and that Quicken's interpretation of FCRA was objectively unreasonable. (*See* PageID.1067-1076).

The Court held oral argument on May 22, 2020. During the hearing, Plaintiff reiterated that the email evidence should not have been excluded under Rule 37(c)(1) due to the facts and circumstances described in her Motion. However, Plaintiff conceded the Court would not have considered that evidence unless it found Quicken offered an objectively unreasonable interpretation of §1681g(1)(g).

## II. DISCUSSION

### A. Quicken's proposed construction is objectively reasonable.

In her Motion, Plaintiff contends Quicken's interpretation of the FCRA is objectively unreasonable on the same grounds raised in her Opposition to Summary Judgment. (*Compare* PageID.572-573, 590-593 *with* PageID.964-968). Plaintiff again cites *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 50 (2007) for the proposition that Quicken's interpretation is objectively unreasonable because it has no basis in the statutory text, judicial precedent, or agency guidance and the excluded email evidence demonstrates the unreasonable nature of Quicken's interpretation. Parties are forbidden from raising the same arguments made at summary judgment on a motion to reconsider. *See Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order."). As Plaintiff makes the same interpretation arguments here as she made in her Opposition to Summary Judgment, the Court shall not consider them.

### B. Assuming the Court did not exclude the email evidence, the Court would not have considered them because Quicken provided a reasonable interpretation of §1681g(1)(g).

Despite the foregoing, Plaintiff attempts to satisfy her burdens under Rules 59(e) and 60(b) by relying on the excluded email evidence. Namely, Plaintiff seeks to use the excluded emails to demonstrate Quicken was aware that it ran an unjustifiably high risk of violating the law by implementing its present disclosure policy. Notwithstanding the exclusion of those communications, the Court cannot review a party's subjective intentions where an objectively reasonable interpretation is offered. *See Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir.

2017). The Court found Quicken has offered such an interpretation. (*See* PageID.829). Thus, and for the alternative reason that Plaintiff's argument here is a mere reassertion of her argument on summary judgment, the Court cannot consider such evidence. Based on the foregoing, the Court adopts and incorporates its previous holding as it pertains to Quicken's interpretation and finds reconsideration is not warranted on this point.

> **C. The Court shall not reconsider its ruling to exclude the email evidence because Plaintiff received an opportunity to respond to Quicken's exclusion argument.**

Plaintiff presents several arguments on why the Court erred in excluding Quicken's emails. First, Plaintiff contends exclusion under Rule 37 was improper because "[Plaintiff] was given no opportunity to respond" and "[i]mplicit in the [Rule 37 factors] is the necessity for affording the 'non-disclosing' party an opportunity to respond." (PageID.961 at n.3) ("[I]n fairness, Plaintiff was never afforded an opportunity to provide an explanation."). Plaintiff next argues she "provided" Quicken the chain of emails at a deposition which took place on July 18, 2019, and in any event, Quicken had the records in its possession. (PageID.962). In her third argument, Plaintiff contends Quicken was not prejudiced by these emails. (PageID.963). As proof of a lack of any prejudice, Plaintiff reiterates that Quicken possessed the emails at the time it filed its dispositive motions and at the parties' earlier July 18th deposition. (*Id.*).

In response, Quicken argues the Court correctly excluded Plaintiff's email evidence pursuant to Rule 37 because Plaintiff never sufficiently disclosed she intended to use them at trial. (*See* PageID.963) ("A party does not avoid exclusion under [Rule 37] so long as it 'provides' information to its opponent in any form or fashion it chooses."). Quicken contends Plaintiff was required to abide by Rule 26(a) and Rule 26(e) of the Federal Rules of Civil Procedure and Plaintiff's disclosure of the emails at the parties' July 18th deposition was insufficient. Quicken

4

also notes precedent required Plaintiff to provide this evidence even though the documents were in Quicken's possession. (PageID.964). Finally, Quicken contends that any argument Plaintiff makes in relation to a "failure to respond" should be disregarded because (1) her discovery requests never included information which identified the emails, or any time periods related to the emails; (2) Plaintiff never asked the Court for an opportunity to respond to Quicken's Rule 37 request; and (3) Quicken did not mention the withheld emails in its Motion for Summary Judgment.

In her Reply, Plaintiff merely re-hashes the arguments made in her Motion. (PageID.1068-1069, 1072). Plaintiff also maintains her production of the emails to Quicken at the July 18th deposition satisfied her burden under Rule 26 of the Federal Rules of Civil Procedure. Further, Plaintiff maintains Quicken suffered no prejudice as a result of her actions (PageID.1071-1073), and that Quicken's interpretation of the FCRA was objectively unreasonable (PageID.1073-1075).

The Court finds exclusion appropriate under the circumstances. The thrust of Plaintiff's argument is that she was not afforded an opportunity to respond to Defendant's request to exclude the subject emails because it was made for the first time in a Reply. Quicken replies that it raised its request at that juncture because, until the date of filing of Plaintiff's Response, it did not know whether Plaintiff would rely on those materials and wanted to give her an opportunity to supplement her discovery obligations. Generally, courts are prohibited from entertaining new arguments or evidence in a reply. *See King v. Clarke Cty.*, 2012 U.S. Dist. LEXIS 153578, at *23-24 (S.D. Ala. Sep. 27, 2012) (quoting *Sharpe v. Global Sec. Int'l*, 766 F.Supp.2d 1272, 1294 n.26 (S.D. Ala. 2011)); *Brown v. CitiMortgage, Inc.*, 817 F. Supp. 2d 1328, 1332 (S.D. Ala. 2011). However, where a new argument is made or new evidence is offered for the first time in a Reply, courts are

required to either decide the matter on the merits of the record before it or permit an opportunity for response. *See Atl. Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.,* 793 F. App'x 896, 901 (11th Cir. 2019) ("Where new evidence is presented in a reply to a motion for summary judgment, a district court should not consider the new evidence without giving the movant an opportunity to respond. When faced with a reply brief that offers new evidence, a district court has two permissible courses of action. It can either (1) permit the nonmoving party to file a surreply or (2) **refrain from relying on any new material contained in the reply brief**. But it may not preclude the nonmoving party from filing a surreply and then grant summary judgment based on new material presented only in the reply brief.") (emphasis added); *see also Sanders v. M&M Waste, Inc.*, 2011 U.S. Dist. LEXIS 162905, *6 (N.D. Ga. June 27, 2011) (granting leave to file an additional reply where new evidence was offered for the first time in a reply).

Though this Circuit has not specifically addressed the contours of a sufficient "opportunity for response" to arguments and evidence raised for the first time in a reply, the Tenth Circuit has provided guidance on that question. In *Pippin v. Burlington Resources Oil Gas Co.*, 440 F.3d 1186, (10th Cir. 2006), the court upheld a district court's decision to consider evidence raised for the first time in a reply to summary judgment where the opposing party had ample time to seek leave to file an additional brief on the matter but did not do so. The Tenth Circuit reasoned as follows:

> ["Appellant"] asserts that the district court erred by permitting [Appellee] to attach several new exhibits to its summary judgment reply brief but did not offer [Appellant] an additional opportunity to respond to that material. Whether a non-moving party has had an opportunity to respond to a moving party's reply brief at the summary judgment stage is a "supervision of litigation" question that we review for abuse of discretion. *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164-65 (10th Cir. 1998). Pippin raised this issue in a Rule 59 motion before the district court, the denial of

6

> which we also review for abuse of discretion. *Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000).
>
> We find no abuse of discretion in this case. The district court correctly pointed out that **approximately a month and a half passed between Burlington filing its reply and the district court's decision. Pippin had plenty of opportunity to seek leave of the court to file a surreply but never attempted to do so**.
>
> Our case law requires only that "if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Beaird,* 145 F.3d at 1165; *accord Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003). Or, if the district court does preclude a surreply, then the court can avoid error only by not relying on the new materials and arguments in the movant's reply brief. *Beaird,* 145 F.3d at 1164.
>
> Pippin reads our precedent too broadly to the extent he asserts "*Beaird* is violated if the trial court considers new matters at all**." Here, the district court did not preclude a surreply. Pippin had more than enough time to request time to file a surreply, but did not**. Absent such a motion, the district court did not abuse its discretion when it decided this case approximately a month and a half after receiving Burlington's reply.

*Pippin*, 440 F.3d at 1191-92 (emphasis added). In sum, the *Pippin* court found a district court may decide matters based on evidence raised for the first time in a reply, only if opportunity was given to the opposing party to rebut those arguments. Such an opportunity may exist when new argument or evidence is proffered and the district court refrains on ruling for at least a month and a half.

Quicken's request for sanctions dealt particularly with Plaintiff's failure to provide evidence as required by Fed. R. Civ. P. 26. As noted in the Court's March 19th Order, this case was filed in December 2017. The first dispositive motion was filed on August 7, 2019. The last dispositive motion was filed on September 11, 2019. This Court issued its Order six (6) months

7

after dispositive motions were filed – four and a half months longer than the lapse of time which occurred in *Pippin*. During that time, Plaintiff did not supplement her discovery with the excluded email evidence. Moreover, Plaintiff had an opportunity to request for leave to file an additional reply and did not. Operating under the assumption that the Court would not have granted such leave is unreasonable. This Court has consistently permitted such, as have other courts in this Circuit. *See e.g., Brown v. CitiMortgage, Inc.*, 817 F. Supp. 2d 1328, 1329 n. 1, 1332 (S.D. Ala. 2011); *Sanders,* 2011 U.S. Dist. LEXIS 162905, *6 (granting leave to file an additional reply where new evidence was offered). Therefore, the Court finds exclusion was appropriate. *See Cunningham v. Fulton Cty.,* 2019 U.S. Dist. LEXIS 53839, *13 n.2 (N.D. Ga. Mar. 29, 2019) (excluding evidence because, *inter alia,* plaintiff failed to respond to Rule 26 and Rule 37 arguments made in a separate motion to exclude following the parties' dispositive motions: "Plaintiffs have failed to explain their failure to disclose timely this information and cannot cure their error.").

        **D.**        **Plaintiff abandoned her negligence claim.**

Plaintiff's argument that she did not abandon her negligence claim is belied by the record. (*See* PageID.578-579). Plaintiff argues that the evidence upon which she relied to demonstrate willfulness is the same evidence upon which she relied to demonstrate negligence, and that the Court improperly focused solely on her deposition testimony as a judicial admission to find abandonment. (*Id.*). However, this position misunderstands the Court's March 19th order. In the opening paragraph of the "Discussion" section of the March 19th Order, the Court specifically noted Plaintiff failed to rebut Defendant's position that there was "no evidence" to support a claim of negligence in her Opposition Motion. This point is further supported in footnote 1 of

8

that Order. Nothing in the negligence portion of the "Discussion" relates to a Plaintiff's deposition testimony and plaintiff has not cured this deficiency.

The Eleventh Circuit has found abandonment where, "passing references appear in the argument section of an opening brief, particularly when the references are mere 'background' to the appellant's main arguments or when they are 'buried' within those arguments." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014). Plaintiff's original negligence argument is as follows:

> Plaintiff's claim for negligent violation under Section 1681o is fully supported by the evidence. As stated above, Quicken's failure to provide Plaintiff a CSD resulted from Quicken's "applicant-only" policy which is contrary to the plain language of the statute, as well as regulatory and judicial guidance. This is ample evidence upon which a jury could find Quicken's actions unreasonable.

(PageID.593-594). The majority of Plaintiff's argument in this section of her brief focuses on the actual damages she allegedly sustained as a result of Quicken's disclosure policy. Plaintiff only references the claim and evidence she possesses to substantiate her theory in passing. She neither cites the law nor particularly cites the record evidence upon which she relies. This type of argument is generally insufficient and qualifies for abandonment. *See In re Liebman*, 772 Fed. Appx. 839, 840 (C.A.11 (Fla.), 2019) ("To 'brief' a claim, a party must "plainly and prominently" raise it by, for example, devoting a discrete section of her argument to that claim."); *Kellner v. NCL (Bahamas), LTD.*, 753 Fed. Appx. 662, 665–66 (C.A.11 (Fla.), 2018) ("An appellant may properly raise an argument in her initial brief by, for example, devoting a discrete section to it and supporting it with discussion, argumentation, and citations to authorities and record excerpts. . . . Merely passively referencing or perfunctorily raising the argument will not suffice. *Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes

only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.")); *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal"); *Cont'l Technical Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) ("[An] issue raised perfunctorily without citation to authority constitutes waiver of [the] issue."); *Lawrence v. Lawson State Community College*, 2018 U.S. Dist. LEXIS 36228, *20 (N.D. Ala., March 6, 2018) ("It seems Dr. Lawrence has abandoned this purported retaliatory claim in light of his failure to raise it in opposition to the motion for summary judgment."); *Knight v. Fourteen D Enterprises, Inc.*, 995 F.Supp.2d 1311, 1340 (S.D. Ala. 2014).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion is hereby **DENIED**.

**DONE and ORDERED** this 6th day of July, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE